UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE DOCTOR | : | |
| | : | |
| v. | : | C.A. No. 06-429T |
| | : | |
| A.T. WALL | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is the Petition for Writ of Habeas Corpus filed by Jose Doctor, pro se, pursuant to 28 U.S.C. § 2254. (Document No. 1). The State of Rhode Island filed a Motion to Dismiss the Petition, arguing that Petitioner failed to exhaust his State Court remedies as to several of his claims and that the remaining claims lack substantive merit. (Document No. 5). Petitioner did not file an opposition to the Motion to Dismiss. The matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Court filings and considering relevant legal research, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED and that the Petition (Document No. 1) be DENIED AND DISMISSED.

**Background**

In January 1995, following a joint jury trial in Providence County Superior Court, Petitioner and his brother Alexis Doctor ("Alexis") were convicted of murder, conspiracy and assault with a

dangerous weapon arising out of the August 1990 shooting death of Willie Davis.[1] Davis was a passenger in a vehicle stopped outside of Sonny and Dennis' Nightclub in Providence, Rhode Island. Three individuals approached the vehicle and opened fire, killing Davis and wounding another passenger. The three gunmen were later identified as Petitioner, Alexis and a juvenile.

Petitioner and Alexis appealed their convictions to the Rhode Island Supreme Court ("RISC"). The RISC affirmed the convictions on February 19, 1997. See State v. Doctor, 690 A.2d 321 (R.I. 1997). Thereafter, Petitioner and Alexis filed separate applications for post-conviction relief in State Court. Both of their applications were denied by the Rhode Island Superior Court, and they each filed appeals to the RISC. Alexis' post-conviction relief application was denied by the RISC on January 31, 2005. See Doctor v. State, 865 A.2d 1064 (R.I. 2005). Petitioner's post-conviction relief application was denied by the RISC on May 4, 2006. See Doctor v. State, 897 A.2d 53 (R.I. 2006).[2] On September 28, 2006, Petitioner filed the present habeas corpus application. Petitioner identifies four grounds for relief: (1) the trial judge interfered with his right to confront and cross-examine a witness; (2) trial counsel was ineffective because counsel failed to pursue a discrepancy regarding the number of occupants in the vehicle; (3) trial counsel was ineffective because he failed to discuss with him and object to an instruction pursuant to State v. Fenner, 503 A.2d 518; and (4) trial counsel was ineffective because counsel failed to investigate other potential witnesses to present at trial.

---

[1] The facts are detailed in State v. Doctor, 690 A.2d 321 (R.I. 1997).

[2] In its Order, the RISC noted that, "[m]any of the contentions that Jose advances on appeal are identical to the contentions that we previously rejected in our opinion affirming the Superior Court's denial of Alexis's application for postconviction relief....It is not necessary for us to readdress those arguments at this time." See Doctor v. State, 897 A.2d at 53-54.

The grounds for relief raised by Petitioner are identical to the grounds raised by Alexis in his unsuccessful habeas corpus Petition filed in this Court on October 11, 2005, See Doctor v. Wall, 05-424ML. (Document No. 1). In fact, the Grounds section of the Petition appears to be a photocopy of the same section submitted by Alexis. Compare C.A. No. 06-429T, Document No. 1 at 6-7 with C.A. No. 05-424ML, Document No. 1 at 6-7. In Alexis' case, the State moved to dismiss his Petition, and Alexis filed an eighteen-page Opposition to the State's Motion to Dismiss. After thorough consideration of the Petition, Motion to Dismiss and the Opposition, Chief Judge Lisi denied and dismissed Alexis' Petition. See Doctor v. Wall, C.A. No. 05-424ML, 2007 WL 954127 (D.R.I. March 28, 2007). After reviewing all of the documents submitted in this case, and comparing the grounds raised in Alexis' Petition, I find that the conclusions reached by Chief Judge Lisi are equally applicable in this action. Petitioner and Alexis were convicted after a joint trial, had their convictions affirmed in the same case, and each filed State Motions for post-conviction relief that were denied by the RISC. More persuasive is the fact that the grounds raised in the present Petition are identical to those submitted by Alexis, and Petitioner provided this Court with no additional factual or legal argument in response to the State's Motion to Dismiss and in support of his Petition. Because Chief Judge Lisi considered the identical issues raised in this Petition on the basis of the same State Court record, I recommend that her reasoning and conclusions be adopted and that the present Petition also be DENIED and DISMISSED for the reasons stated in Chief Judge Lisi's Memorandum and Order dated March 28, 2007. See Doctor, 2007 WL 954127.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED, and that the Petition (Document No. 1) be DENIED and DISMISSED. Any

objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 2, 2008